UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 20-cv-1110

| | |
|---|---|
| Michael Skarlupka<br><br>Plaintiff,<br>v.<br><br>Credit Control Services, Inc., d/b/a Credit Collection Services<br>Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Michael Skarlupka, is a natural person who resides in the State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Upon information and belief, Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services (hereinafter "Defendant") is a collection agency operating from an

address of 725 Canton Street, Norwood, MA 02062 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). (See Exhibit1 attached hereto and made a part hereof.)

## FACTUAL ALLEGATIONS

6. Before January 21, 2020 Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a "debt" to it.

7. The debt owed by Plaintiff eventually went into default.

8. After the debt went into default the debt was sold and/or otherwise transferred to Defendant for collection.

9. The Plaintiff retained Matthew C. Lein for legal representation regarding the Plaintiff's debts.

10. Prior to January 21, 2020, Defendant had reported to TransUnion1 credit reporting agency that the Plaintiff owed a debt to it.

11. On January 21, 2020, Plaintiff, through Plaintiff's attorney, disputed2 the debt directly with the Defendant and further requested all communications cease with respect to the consumers. This facsimile transmission to Defendant was successfully received by Defendant. (See Exhibit 2 attached hereto and made a part hereof.)

12. Plaintiff still disputes the debt that Defendant is attempting to collect.

---

1 The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

2 Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018)

13. On March 24, 2020, the Plaintiff obtained and reviewed a copy of Plaintiff's TransUnion credit report. (See Exhibit 3 attached hereto and made a part hereof.)

14. On March 24, 2020, Defendant continued to report the Plaintiff's debt to TransUnion without indicating that the debt was disputed. (See Exhibit 3 attached hereto and made a part hereof.)

15. The TransUnion credit report dated March 24, 2020 indicates that it was last reported or verified March, 2020. (See Exhibit 3 attached hereto and made a part hereof.)

16. The TransUnion credit report dated March 24, 2020, failed3 to indicate that the debt was disputed by the consumer. (See Exhibit 3 attached hereto and made a part hereof.)

17. Defendant's violation of the FDCPA is material because Defendant's failure to update Plaintiff's credit report would make an unsophisticated consumer believe that the consumer did not have the rights Congress had granted to the consumer under the FDCPA. This alleged violation of the FDCPA is sufficient to show an injury-in-fact4.

18. Defendant's violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score"5.

19. Defendant's collection communications are to be interpreted under the "unsophisticated

---

3 By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018)

4 Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 346 (7th Cir. 2018) (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

5 Id. at 346.

consumer" standard6.

20. Defendant's collector(s) were employee(s) and/or representative(s) of Defendant at all times mentioned herein.

21. Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

22. From the facts above, Plaintiff asserts Defendant's collective actions were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e(8)7 , 1692d8, 1692 f9 and 1692e10 amongst others.

## TRIAL BY JURY

23. Plaintiff are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

## CAUSE(S) OF ACTION

## COUNT 1.

---

6 See Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

7 The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. See 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 346–47 (7th Cir. 2018).

8 The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

9 The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

10 The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq. – Defendant

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26. As a result of Defendant's violations of the FDCPA, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant.

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 16 U.S.C. § 1692 et seq. – Defendant

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

        Respectfully submitted,

        **Lein Law Offices, LLP**

        By: **s/Matthew C. Lein**
        Matthew C. Lein
        Attorney I.D.#1084028
        15692 Hwy 63 North
        PO Box 761
        Hayward, Wisconsin 54843
        Telephone: (715) 634-4273
        Facsimile: (715) 634-5051
        mlein@leinlawoffices.com

MCL/sjr         **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN            )
                              ) ss
COUNTY OF SAWYER              )

Plaintiff, Michael Skarlupka, having first been duly sworn and upon oath, verify, certify, and declare as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ _____
Michael Skarlupka (Dec 14, 2020 15:47 CST)
Michael Skarlupka